The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant/employer.
3. North Carolina Farm Bureau Mutual Insurance Company was the carrier on risk.
4. Plaintiff's average weekly wage was $372.00.
5. Plaintiff was paid temporary total disability compensation at a rate of $248.01 per week from September 6, 1991 through November 11, 1994.
6. The parties have stipulated as to plaintiff's medical records, which are marked Exhibit A and admitted into evidence.
7. The parties stipulated as to plaintiff's rehabilitation records which are marked Exhibit B and admitted into evidence.
8. The parties stipulated as to the affidavit of Elaine Ahrens Wheeler which indicates that there are no other dependents of Robert William Wheeler other than Elaine Ahrens Wheeler. This affidavit has been marked as Exhibit C and admitted into evidence.
9. The parties stipulate as to a letter to Martha Barr from Robert L. Inge which has been marked as Exhibit D and admitted into evidence.
10. The parties stipulate into evidence all Forms 33 filed on behalf of Robert William Wheeler and Elaine Ahrens Wheeler.
11. The parties stipulate that the Industrial Commission conducted a hearing in this matter on October 19, 1994.
12. The issue before this Commission is whether Robert William Wheeler elected to receive compensation under North Carolina General Statute Section 97-29 and if not, the extent to which Elaine Ahrens Wheeler is entitled to compensation under North Carolina General Statute Section 97-31 by virtue of North Carolina General Statute Section 97-37.
*************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Robert William Wheeler, decedent, injured his back at work on September 5, 1991 and became disabled on September 6, 1991. This is a compensable injury for which the decedent received compensation at the rate of $248.01 per week from September 6, 1991 through November 11, 1994.
2. The decedent was unable to return to his job with defendant/employer.
3. Vocational rehabilitation was assigned for the plaintiff on October 1, 1994. Vocational rehabilitation continued until Robert William Wheeler's death on November 13, 1994.
4. The defendant/employer continued to pay temporary total disability payments until Robert William Wheeler's death.
5. During decedent's period of temporary total disability, defendant/employer filed several Form 24 applications. Each of these applications were denied.
6. After defendant's last attempt to terminate compensation, decedent filed a Form 33 requesting a hearing contending that he was permanently and totally disabled.
7. Defendant/employer filed a Form 33R claiming that decedent was no longer disabled due to his September 5, 1991 injury and indicating that temporary total disability was continuing.
8. Defendant/employer filed a Form 33 on April 26, 1994 claiming that decedent had sabotaged efforts in vocational rehabilitation.
9. A hearing was held on the party's request on October 19, 1994 in Salisbury, North Carolina before then Deputy Commissioner Laura Mavretic. This hearing was not completed and was continued to a later date. Prior to the completion of the hearing, Robert William Wheeler died.
10. On February 16, 1995, defendants requested the case be dismissed.
11. On April 4, 1995, then Deputy Commissioner Laura K. Mavretic dismissed this case without prejudice.
12. On April 28, 1995, Elaine Wheeler, Executrix of the Estate of Robert William Wheeler, filed a Form 18 and a Form 33 requesting payment for permanent partial disability.
13. From August 17, 1992 through November 5, 1993, decedent consulted Dr. Anthony Wheeler, Carolina Neurological Clinic, and subsequently Charlotte Orthopaedic Specialists for pain in the low back, right hip and right leg. Dr. Wheeler determined that decedent had reached maximum medical improvement on December 14, 1992 and that decedent retained a ten percent permanent partial disability rating to his back.
14. On November 11, 1993, decedent consulted Dr. Surendrapal Mac, an orthopaedic surgeon in Albemarle. Dr. Mac felt that the decedent retained an eighteen percent permanent partial disability impairment to his back, but did not comment as to whether decedent had reached maximum medical improvement.
15. At the time of his death, decedent was married to Elaine Ahrens Wheeler, had no minor children and no persons dependent for support in whole or in part, upon his earnings other than Elaine Ahrens Wheeler. Elaine Ahrens Wheeler is executrix of the decedent's estate.
16. Decedent reached maximum medical improvement on December 14, 1992. As a result of the injury by accident of September 5, 1991, plaintiff retained a permanent partial impairment of 14% to the back.
**************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. When an employee is entitled to compensation under North Carolina General Statute Section § 97-31 and dies from any other cause than the injury for which he is entitled to compensation, payment of unpaid balance shall be made to the surviving whole dependents. At the time of his death, the employee had presumptively elected to receive compensation after the healing period under N.C. Gen. Stat. § 97-29 since the compensation to which he was entitled under the statute was greater than the compensation to which he would have been entitled under N.C. Gen. Stat. § 97-31. Therefore, the employee was not entitled to compensation under N.C. Gen. Stat. § 97-31 at the time of his death. N.C. Gen. Stat. §97-31, N.C. Gen. Stat. § 97-37.
2. Elaine Ahrens Wheeler is the widow and sole dependent of Robert W. Wheeler, employee. North Carolina General Statute Section 97-2(14).
3. Because the employee presumptively elected to receive compensation for lost wages in lieu of permanency, Elaine Ahrens Wheeler is not entitled to receive compensation based upon the employee's permanency rating. N.C. Gen. Stat. § 97-31, N.C. Gen. Stat. § 97-37.
**************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for additional compensation is hereby DENIED.
2. Each party shall bear its own costs.
This the ___ day of October, 1997.
 S/ ________________ PHILLIP A. HOLMES DEPUTY COMMISSIONER
CONCURRING:
S/ _______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
PAH/bjp